HICKS
*vs.*
DUNCAN & AL.

## HICKS vs. DUNCAN & AL.

APPEAL from the court of the first district.

An attorney for an absent debtor may be heard in court, although no property is attached

Affidavits made before a notary public in New-York, are not sufficiently authenticated by the seal of the notary.

MARTIN, J., delivered the opinion of the court. On a writ of attachment, several persons were summoned as garnishees, none of whom admitted he had any property, or was indebted to the defendants. One of the garnishees, however, stated, he had drawn bills on them, and his being a debtor or creditor depended on the fate of these bills, which was as yet unknown.

The court appointed an attorney to defend the interest of the defendants, and this gentleman prayed that the writ of attachment might be set aside, as the plaintiff had not annexed a sufficient affidavit to his petition.

This was refused, the court being of opinion that as the sheriff's return did not show that any property was attached, the defendants were not in court, and no order could be made for or against them.

From this decision the attorney appealed.

The court having (either on the motion of

the plaintiff's counsel, or without their objection) appointed an attorney to defend the interests of the defendants, it became his duty to take all the measures he might have legally taken, if appointed by them.  For if that be not the case, for what purpose was he appointed?  His appointment was not premature, for it might have been made *before* the suit was brought.—*Civil Code*, 14, *art*. 8.

The answer of the garnishee who considered himself a debtor or creditor of the defendants, according to the fate of his bills, which was at yet unknown, bound in his hands whatever he might owe to the defendants, in case of the due honor of the bills, and it was important to defendant to loosen the garnishees hands, if the note on which he was summoned had irregularly issued.  The attorney, in our opinion ought to have been listened to when he offered to show this.  In doing so, the court could do no injury, but would rather do a benefit to the plaintiff; for an illegal attachment could have no effect, and the sooner it was dissolved was certainly the better for him.

There were two affidavits annexed to the petition, one from the plaintiff, made before

East'n. District.
*March*, 1826.

HICKS
*vs.*
DUNCAN & AL.

a notary public in the city of New-York; another by the plaintiff's agent here.

The first was not duly authenticated; the signature and seal of the notary being verified by those of the clerk of the city and county. Of these, *the courts of this state have no better judicial knowledge than of the notary's.* The affidavit is silent as to the commorancy of the defendants.

The agent's affidavit lacks the assertion of his *knowledge* of what he swears to; he speaks of his *belief* only. This heretofore sufficed. *vol.* 1, 98.

But now the statute requires the agent to *swear from his own knowledge.*—*Code of Practice,* 244.

We think the attachment issued irregularly.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided and reversed, and the attachment set aside; and the plaintiff to pay costs in both courts.

*Pierce* for the plaintiff, *Strawbridge* for the defendants.